Nathan Guest (State Bar No. 330167)
nguest@wshblaw.com
**WOOD, SMITH, HENNING & BERMAN LLP**
10960 Wilshire Boulevard, 18th Floor
Los Angeles, California 90024-3804
Phone: 310-481-7600 ♦ Fax: 310-481-7650

Attorneys for Defendant, LIFELONG MEDICAL CARE, a California corporation

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMAN COWAN and MARY SCOTT, individually and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>LIFELONG MEDICAL CARE, a California corporation,<br><br>Defendants. | Case No. _____<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.A. § 1332(d)**<br><br>**[DIVERSITY JURISDICTION UNDER CLASS ACTION FAIRNESS ACT]**<br><br>Superior Court Case No.: 21CV000478 (Alameda County) |
| LIFELONG MEDICAL CARE, a California corporation<br><br>Cross-Complainant,<br><br>v.<br><br>NETGAIN TECHNOLOGY, INC., a Minnesota corporation, and ROES 1-50, inclusive,,<br><br>Cross-Defendants.<br><br>AND ALL RELATED CROSS-ACTIONS | Action Filed:          10/19/2021<br>Cross-Complaint Filed:   12/9/2021<br><br>Trial Date:      None Set |

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. § 1332(d), and on the grounds set forth below, Defendant, LIFELONG MEDICAL CARE ("LifeLong") hereby removes the above-captioned action, styled *HERMAN COWAN and MARY SCOTT, individually and on behalf of all other similarly situated v. LIFELONG MEDICAL CARE, a California Corporation v. NETGAIN TECHNOLOGY, INC., a Minnesota corporation, and ROES 1-50, inclusive,* Case No. 21CV000478, from the Superior Court of the State of California for the County of Alameda to this Court. The factual bases in support of this Notice of Removal are set forth in further detail below.

## I.     FACTUAL BACKGROUND

1.      On October 19, 2021, Plaintiffs Herman Cowan and Mary Scott ("Plaintiffs") commenced the above-referenced action in the Superior Court of the State of California for the County of Alameda (the "Superior Court") by filing a Complaint (the "Complaint") against Defendant, LifeLong, alleging violations of the California Customer Records Act, Civil Code §§ 1798.80, et seq., 1798.82, et seq.; California Confidentiality of Medical Information Act ("CMIA"), Civil Code §§ 56, et seq.; and California Unfair Competition Law, Bus. & Prof. Code §§ 17200, et seq.; as well as causes of action for negligence and breach of implied contract.  The Complaint, which names only LifeLong, as a defendant, alleges the foregoing causes of action based on a data security incident that occurred at Netgain Technology, Inc., a cloud hosting and information technology vendor which provided such services to LifeLong.  A copy of the Complaint, along with its accompanying exhibits, is attached hereto as **Exhibit 1**.

2.      An Answer to the Complaint was also filed on December 6, 2021.  A copy of the Answer is attached hereto as **Exhibit 2**.

3.      Following the filing of the Answer to the Complaint, LifeLong filed a Cross-Complaint against Netgain Technology, Inc. ("Netgain") on December 9, 2021, alleging causes of action sounding in equitable/implied indemnity; implied contractual indemnity; breach of written contract; contribution; apportionment of fault; and declaratory relief (the "Cross-Complaint").  The basis for LifeLong's Cross-Complaint against Netgain is the above-referenced data security incident complained of in the Plaintiff's Complaint, which was solely due to a breach which occurred at

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

1    Netgain.  A copy of the Cross-Complaint is attached hereto as **Exhibit 3**.

2        4.        Accordingly, the case in its current form is a class action against LifeLong, and a

3    Cross-Complaint against Netgain, and all ROES 1-50, seeking contribution and indemnification for

4    any damages sustained by the putative class (the "Removed Action").

5        5.        LifeLong is a non-profit corporation based in California, with fourteen (14)

6    community health centers that act as safety net providers of medical, dental, and behavioral health

7    services to communities in and around the San Francisco Bay Area.

8        6.        Netgain is a Delaware corporation, with its principal headquarters located in St.

9    Cloud, Minnesota, that provides specialized cloud hosting and information technology services and

10   solutions. Netgain's clients include healthcare providers across the country, from California to South

11   Carolina.

12                                  **II.    VENUE**

13       7.        Venue is proper in this Court pursuant to 28 U.S.C. § 1446 as the United States

14   District Court for the Northern District of California embraces the state court in the County of

15   Alameda, California, in which Plaintiff filed his state court Complaint.

16       8.        Specifically, venue in the San Francisco or Oakland Division of the Northern District

17   of California is proper pursuant to Local Rule 3-2(d).

18                          **III.    DIVERSITY JURISDICTION UNDER CAFA**

19       9.        Federal district courts have original jurisdiction over "class actions" in which (i) the

20   matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and

21   (ii) any member of a class of plaintiff is a citizen of a State different from any defendant. 28 U.S.C.

22   § 1332(d)(2).

23       10.       Section 1332(d)(1)(B) defines "class action" as any civil action filed under Fed. R.

24   Civ. P. Rule 23 or similar state statute or rule of judicial procedure authorizing an action to be

25   brought by one or more representative persons as a class action. 28 U.S.C. § 1332(d)(1)(B).

26       11.       Further, under the Class Action Fairness Act (CAFA), a federal court may exercise

27   subject matter jurisdiction over a class action where (1) the parties are minimally diverse; (2) the

28   proposed class has at least 100 members; and (3) the amount in controversy exceeds $5,000,000. 28

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

1    U.S.C. § 1332(d); Prado v. Dart Container Corporation of California, 373 F.Supp.3d 1281, 1285-86

2    (N.D. Cal. 2019); Kuxhausen v. BMW Fin. Servs. NA LLC, 707 F.3d 1136, 1139 (9th Cir. 2013).

3        12.    The Class Action Fairness Act also amended 28 U.S.C. § 1453 such that any

4    defendant may remove to federal court, regardless of whether it is a citizen of the State in which the

5    action is brought, and that the removing defendant does not need the consent of all defendants in

6    order to effectuate removal to federal court. 28 U.S.C. § 1453(b); Abrego v. The Dow Chemical

7    Co., 443 F.3d 676, 681 (9th Cir. 2006).

8        13.    As for the timeliness of removal, Section 1446(b)(3) sets forth that, where the case

9    stated by the initial pleading is not removable, a notice of removal may be filed within 30 days from

10   when "it may first be ascertained that the case is one which is or has become removable." 28 U.S.C.

11   § 1446(b)(3); Jordan v. Nationstar Mortg. LLC, 781 F.3d 1178, 1183-84 (9th Cir. 2015). In this

12   regard, the case may be removed within 30 days from when the case becomes removable, even if an

13   earlier pleading, document, motion, order, or other paper revealed an alternative basis for federal

14   jurisdiction. Id. at 1180; Kenny v. Wal-Mart Stores, Inc., 881 F.3d 786, 791 (9th Cir. 2018).

## IV.    GROUNDS FOR REMOVAL

16       14.    Upon the filing of LifeLong's Cross-Complaint against Netgain, the Removed

17   Action satisfied all requirements for removal under the Class Action Fairness Act, and this Notice

18   of Removal has been timely filed with the Northern District.  Pursuant to CAFA, the filing of this

19   Notice of Removal by LifeLong is permissible, notwithstanding LifeLong's residence as a

20   California corporation, where Plaintiff's state court action was filed. 28 U.S.C. § 1453(b).

21       15.    First, the Removed Action qualifies as a "class action" as defined by Section

22   1332(d)(1)(B), as Plaintiff's Complaint has been filed by "Herman Cowan and Mary Scott,

23   individually and on behalf of all other similarly situated" and specifically states that it is being filed

24   as a class action pursuant to Cal. Code Civ. Proc. § 382. See Complaint, at ¶ 26. In this regard, the

25   Removed Action is a lawsuit pursuant to State statute authorizing an action to be brought by one or

26   more persons as representative of a class action.

27   / / /

28   / / /

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

16. Further, the parties to the lawsuit meet the minimal diversity requirement set forth in Section 1332(d)(2)(A), as Plaintiffs Herman Cowan and Mary Scott and Defendant, LifeLong, are both citizens of the state of California, whereas Netgain is a Delaware corporation, with a principal place of business in Minnesota. 28 U.S.C. § 1332(d)(2)(A); see Cross-Complaint, at ¶ 3.

17. The proposed class also contains far more than the requisite 100 members, as Plaintiff's Complaint alleges a putative class of 115,448. As set forth in the Complaint, this number derives from the notification submitted by LifeLong to the U.S. Department of Health and Human Services' (HHS) regarding the data security incident at Netgain. See Complaint, at ¶ 28.

18. Likewise, the amount in controversy is well above the $5,000,000 minimum given both the size of the proposed class, and the statutory damages claimed by Plaintiff in the Complaint. In particular, Plaintiff alleges violations of the CMIA, which carry statutory damages of $1,000 per violation, per Plaintiff. See Complaint, at ¶ 40; see also Cal. Civ. Code §§ 56.36(b)(1), 56.35.

19. Accordingly, the $5,000,000 threshold set forth in Section 1332(d)(2) is clearly met by the Removed Action, given the proposed class size of 115,448. In this regard, Plaintiff's alleges damages of at least $1,000 per person, constituting a minimum amount in controversy that well exceeds $5,000,000.

20. Finally, this Notice of Removal is being filed in a timely manner, as the Removed Action first became removable upon the filing of LifeLong's Cross-Complaint impleading Netgain on December 9, 2021, given that Netgain is not domiciled in California and does not have its principal place of business in California. Prior to the filing of the Cross-Complaint, the only parties to the lawsuit were California citizens, which would have been insufficient for purposes of meeting minimal diversity under Section 1332.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

1    21.    As this Notice of Removal is being filed within 30 days of the filing of the Cross-

2  Complaint, removal has been effectuated in a timely manner. 28 U.S.C. § 1446(b)(3).

3

4  DATED:  December 29, 2021                WOOD, SMITH, HENNING & BERMAN LLP

5

6                                          By: _____

7                                                NATHAN GUEST

8                                          Attorneys for Defendant, LIFELONG MEDICAL
9                                          CARE, a California corporation

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

# EXHIBIT "1"

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda

**10/19/2021**

Chad Finke, Executive Officer / Clerk of the Court

By: Shabra Iyamu    Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LIFELONG MEDICAL CARE, a California Non-Profit Corporation

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
HERMAN COWAN and MARY SCOTT, individually and on behalf of others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: | CASE NUMBER: *(Número del Caso):*
*(El nombre y dirección de la corte es):*
Alameda County Superior Court, 1225 Fallon St., Oakland, CA 94612 | **21CV000478**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
HammondLaw, P.C., Julian Hammond 11780 W. Sample Rd., Suite 103 Coral Springs, FL 33065, (310) 601-6766

DATE: October 19, 2021    **10/19/2021**    Chad Finke, Executive Officer / Clerk of the Court
*(Fecha)*    Clerk, by _____, Deputy
    *(Secretario)*    Shabra Iyamu    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario  Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* LIFELONG MEDICAL CARE, a California Corporation,

   under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*

4. ☐ by personal delivery on *(date):* 10-21-21

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

For your protection and privacy, please press the Clear This Form button after you have printed the form. | Print this form | Save this form | Clear this form

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**10/19/2021 at 02:20:55 PM**
By: Shabra Iyamu, Deputy Clerk

1  JULIAN HAMMOND (SBN 268489)
   jhammond@hammondlawpc.com
2  POLINA BRANDLER (SBN 269086)
   pbrandler@hammondlawpc.com
3  ARI CHERNIAK (SBN 290071)
   acherniak@hammondlawpc.com
4  HAMMONDLAW, P.C.
   11780 W Sample Rd., Suite 103
5  Coral Springs, FL 33065
   (310) 601-6766
6  (310) 295-2385 (Fax)

7

8  *Attorneys for Plaintiffs and the Putative Class*

9

10

11             **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

12                     **COUNTY OF ALAMEDA**

13

14  **HERMAN COWAN** and **MARY SCOTT**, on          CASE NO. _____
    behalf of themselves and all others similarly
    situated,
15
                                                      **CLASS ACTION COMPLAINT FOR:**
16          Plaintiffs,
                                                      **(1) Violation of California Confidentiality of**
17  vs.                                               **    Medical Information Act (Cal. Civ. Code §**
                                                      **    56, *et seq.*)**
18                                                    **(2) Violation of California Customer Records**
    **LIFELONG MEDICAL CARE**, a California           **    Act (Cal. Civ. Code § 1798.80, *et seq.*, §**
19  Corporation,                                      **    1798.82)**
                                                      **(3) Violation of California Unfair Competition**
20          Defendant.                                **    Law, Business & Professions Cal. Bus. &**
                                                      **    Prof. Code § 17200, *et seq.***
21                                                    **(4) Negligence**
                                                      **(5) Breach of Implied Contract**
22
                                                      **DEMAND FOR JURY TRIAL**
23

24

25

26

27

28

                              CLASS ACTION COMPLAINT

Plaintiffs Herman Cowan and Mary Scott ("Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their attorneys of record, HammondLaw, P.C., complain and allege the following:

## INTRODUCTION

1.    This is a data breach class action brought on behalf of individuals whose private, sensitive personal identifiable information (PII) and private medical information (PMI), including full names, Social Security numbers, dates of birth, patient cardholder numbers, and/or treatment/diagnosis information, was exposed because of the failure of LifeLong Medical Care ("LifeLong") to safeguard its healthcare consumers' privacy. The PII and PMI of LifeLong's healthcare consumers, including Mr. Cowan's and Ms. Scott's, was accessed and exfiltrated by an unauthorized third party through unauthorized access of computer systems of LifeLong's data storage vendor, Netgain, on or about November 24, 2020. Despite being informed about the serious data breach on or about February 25, 2021, LifeLong alleges it did not become aware that the PII and PMI of its healthcare consumers had been compromised until April 9, 2021, and did not notify affected individuals at that time. It was not until August 24, 2021, at the earliest, that LifeLong began posting a Notice of Data Breach on its website and sending a Notice of Data Breach to affected individuals, informing LifeLong's healthcare consumers that their identifiable personal and protected medical information had been exposed.

2.    LifeLong's failure to adequately safeguard the PII and PMI of its healthcare consumers and failure to timely notify its healthcare consumers of the data breach placed those healthcare consumers at considerable risk of identity theft and fraud, causing the affected individuals to expend time, money, and resources addressing their damaged security interests and even their reputations. Plaintiffs and class members now face a significant risk of medical-related identity theft and fraud, financial fraud, and other identity-related fraud presently and into the indefinite future.

3.    LifeLong's significant delay in notifying affected healthcare consumers of the data breach underscores violation of LifeLong's duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the compromised healthcare information, i.e., the PII and PMI of LifeLong's healthcare consumers.

4.    Plaintiffs and the class seek injunctive and monetary relief to remedy the harm caused by LifeLong's failure to adequately safeguard its healthcare consumers' PII and PMI and LifeLong's failure to timely notify its healthcare consumers of the data breach.

## PARTIES

5.      Plaintiff Herman Cowan is an adult individual who resides, and at all relevant times, has resided in Oakland, California, and has obtained healthcare services from, has transacted business with, has maintained a patient account with, and has provided PII and PMI to LifeLong.

6.      Plaintiff Mary Scott is an adult individual who resides, and at all relevant times, has resided in Oakland, California, and has obtained healthcare services from, has transacted business with, has maintained a patient account with, and has provided PII and PMI to LifeLong.

7.      LifeLong is a non-profit corporation with headquarters in Berkeley, California with healthcare service facilities in and around Alameda and nearby counties.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this action pursuant to California Code of Civil Procedure § 410.10.  Some or all of the conduct and/or agreements that are subject of this dispute were made and deemed to have been entered into within California.  The amount in controversy exceeds the jurisdictional minimum of this Court.

9.      Venue is proper in this Court pursuant to California Code of Civil Procedure § 395. Defendant LifeLong is headquartered in Alameda County, California and a substantial portion of the conduct giving rise to this action occurred within Alameda County.

## FACTUAL ALLEGATIONS

10.      LifeLong operates primary care health centers as well as additional healthcare facilities in and around Alameda and nearby counties, at which LifeLong provides a panoply of health related services.  On information and belief, LifeLong has annual revenues of more than $90 million.

11.      In the course of providing healthcare services at its facilities, LifeLong requires healthcare consumers, as patients, to provide personal information including their full names, home address, dates of birth, Social Security numbers, financial information such as bank account and payment card numbers, and medical information including medical histories, past treatment and diagnostic records, prescription information, health provider information, and health insurance coverage.  As a result, when patients are treated at a LifeLong facility, their highly sensitive PII and PMI is obtained and maintained by LifeLong on and through its computer systems for use by LifeLong in providing healthcare services to its patients. During the course of providing healthcare services, LifeLong further collects and maintains patient diagnostic, treatment, prescription, and insurance information on and through its computer systems.

12.      Given the amount and sensitive nature of the data it collects, LifeLong maintains a "Notice of Privacy Practices" on its website, which describes how PII and PMI about its patients will be used and

disclosed.[1]  On information and belief, LifeLong provides this Notice to all of its patients.  The Notice specifically states as follows: "We understand the importance of privacy and are committed to maintaining the confidentiality of your medical information.  We make a record of the medical care we provide and may receive such records from others. . . .  We are required by law to maintain the privacy of protected health information, to provide individuals with notice of our legal duties and privacy practices with respect to protected health information, and to notify affected individuals following a breach of unsecured protected health information."

13.    Contrary to these representations, LifeLong did not maintain the confidentiality of the PII and PMI of its patients.  On information and belief, this PII and PMI was unlawfully acquired by cyber criminal hackers in unencrypted and unprotected from through unauthorized access of computer systems of LifeLong's data storage vendor, Netgain, on or about November 24, 2020.  Despite being informed of this data breach intrusion as early as February 25, 2021, however, LifeLong has represented that it did not ascertain that the PII and PMI of its patients had been compromised until April 9, 2021.  LifeLong did not notify affected individuals until August 24, 2021, at the earliest, when LifeLong began posting a Notice of Data Breach on its website and sending a Notice of Data Breach to affected individuals, informing LifeLong's patients that their PII and PMI had been exposed.

14.    LifeLong has represented to the United States Department of Health and Human Services Office for Civil Rights that 115,448 individuals have been affected by the foregoing data breach.[2]

15.    Healthcare providers like LifeLong are prime targets for data breaches because of the valuable PII and PMI that they collect and store for their healthcare consumers.  The risk of hacking and unauthorized access to and disclosure of PII and PMI from healthcare providers was known to be prevalent at the time of the data breach.  Indeed, in October 2020, the Department of Homeland Security's Cybersecurity & Infrastructure Security Agency (CISA), along with the Federal Bureau of Investigation (FBI) and the Department of Health and Human Services (HHS), issued a Joint Cybersecurity Advisory entitled "Ransomware Activity Targeting the Healthcare and Public Health Sector."[3]  This Advisory specifically warns that "CISA, FBI, and HHS have credible information of an increased and imminent

---

[1] See https://lifelongmedical.org/notice-of-privacy-practices/.

[2] See https://ocrportal.hhs.gov/ocr/breach/breach_report.jsf.

[3] See https://us-cert.cisa.gov/sites/default/files/publications/AA20-302A_Ransomware%20Activity_Targeting_the_Healthcare_and_Public_Health_Sector.pdf.

cybercrime threat to U.S. hospitals and healthcare providers. CISA, FBI, and HHS are sharing this information to provide warning to healthcare providers to ensure that they take timely and reasonable precautions to protect their networks from these threats." The Advisory sets forth recommendations for cybersecurity best practices.

16.    Despite such warnings of, and recommendations for mitigating, cybersecurity threats, however, LifeLong failed to utilize data security best practices, failed to properly monitor its data storage vendor, and failed to take timely and reasonable precautions to protect the PII and PMI of its patients from unauthorized access and disclosure.

17.    LifeLong also failed to provide Plaintiffs and class members with reasonable, timely notice of the data breach. LifeLong knew on or about February 25, 2021, that its data storage vendor had experienced a serious data breach. LifeLong should have immediately undertaken a thorough and expeditious investigation to promptly identify and notify affected individuals soon thereafter. LifeLong's six-month delay in properly acting upon the notice it had received of a serious data breach at its data storage vendor indicates LifeLong's failure to exercise diligence in promptly responding to the data breach. The delay is further symptomatic of LifeLong's inadequate and unreasonable data security and further evidences violation of its duty to implement and maintain reasonable data security procedures and practices appropriate to the nature of the compromised information, i.e., identifiable personal and protected health information of LifeLong's healthcare consumers.

18.    LifeLong's misconduct in failing to timely implement adequate and reasonable measures to protect Plaintiffs' and class members' PII and PMI; failing to timely detect the data breach; failing to honor its promises, representations, and duties, including statutory duties, to protect Plaintiffs' and class members' PII and PMI against unauthorized disclosure; and failure to provide timely and adequate notice of the data breach, caused substantial harm to Plaintiffs and class members in California.

19.    Due to LifeLong's negligence and data security failures, cyber criminals have obtained and now possess everything they need to commit personal and medical identity theft and wreak havoc on the financial and personal lives of over 115,000 individuals in California for decades to come. Plaintiffs and class members have already lost time and money responding to and mitigating the impact of the data breach and remain at continuing, ongoing, imminent, and impending risk of identity theft.

20.    Plaintiffs relied upon LifeLong's representations about the adequacy of its security policies and procedures to protect their PII and PMI; and would not have maintained their association with LifeLong had they been made aware of LifeLong's inadequate, deficient, and unreasonable data security.

21.    LifeLong has indicated, at most, that it will provide affected individuals with 12 months of free identity protection services. This is unreasonable and inadequate to compensate for the harm caused by the data breach or to protect against identity theft and fraud that could result at any time, beyond just a single year, from the unauthorized disclosure of Plaintiffs' and class members' PII and PMI. It can take years for identity theft victims to even discover that they are the victim of medical-related identity theft or fraud. There can be a significant lag between when personal information is stolen and when it is misused for fraudulent purposes.

22.    LifeLong has failed to demonstrate or undertake appropriate and adequate measures to address the circumstances that caused the data breach or to prevent future occurrences.

### Plaintiffs and Class Members Suffered Damages

23.    The data breach announced by LifeLong to its patients on or about August 24, 2021 was a direct and proximate result of LifeLong's failure to properly safeguard and protect Plaintiffs' and class members' PII and PMI from unauthorized access, use, and disclosure, as required by various state and federal statutes, regulations, industry practices, and the common law, including LifeLong's failure to establish and implement appropriate administrative, technical, and physical safeguards to ensure the security and confidentiality of Plaintiffs' and class members' PII and PMI to protect against reasonably foreseeable threats to the security or integrity of such information.

24.    As a direct and proximate result of Defendant's wrongful actions and inaction and the resulting data breach, Plaintiffs and class members have been placed at an imminent, immediate, and continuing increased risk of harm from identity theft and identity fraud, requiring them to take the time which they otherwise would have dedicated to other life demands such as work and effort to mitigate the actual and potential impact of the data breach on their lives including, *inter alia*, by placing "freezes" and "alerts" with credit reporting agencies, contacting their financial institutions, closing or modifying financial accounts, closely reviewing and monitoring their credit reports and accounts for unauthorized activity, changing the information used to verify their identity to information not subject to this data breach, and filing police reports. This time has been lost forever and cannot be recaptured. In all manners of life in this country, time has constantly been recognized as compensable. In addition, Plaintiffs and class members were subjected to continued and continuing risk of incurring unjustified expenses proximately resulting from the data breach including but not limited to purchasing extended credit monitoring and/or other remedial services to help minimize the risk of their PII and PMI being maliciously exposed and exploited, as well as expenses associated with unauthorized transactions resulting from malicious exposure and exploitation of their PII and PMI.

25.    Defendants' wrongful actions and inaction directly and proximately caused the exfiltration, theft, and dissemination to unauthorized cybercriminals of Plaintiffs' and class members' PII and PMI, causing them to suffer, and to continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

(a) Identity theft and fraud resulting from the theft of their PII and/or PMI;

(b) Costs for credit monitoring, identity theft protection services, and other costs associated with the detection and prevention of identity theft and unauthorized use of their PII and/or PMI;

(c) Unauthorized use of their PII and/or PMI to commit medical insurance, social security, and/or financial fraud; unauthorized charges on their debit and credit card accounts; and the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII and PMI being placed in the hands of criminals and already misused via the sale of Plaintiff and class members' PII and PMI on the Internet black market;

(d) Anxiety and emotional distress;

(e) Loss of privacy;

(f) Loss of the value of the explicit and implicit promises of data security;

(g) Untimely and inadequate notification of the data breach;

(h) Improper disclosure of patient medical information;

(i) Ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the data breach;

(j) Ascertainable losses in the form of deprivation of the value of their PII and PMI, for which there is a well-established national and international market;

(k) Loss of use of, control of, and/or access to their PII and/or PMI and costs associated with adverse effects on their credit including fraud and adverse credit notations; and

(l) Loss of productivity and value of their time spent to address, attempt to ameliorate, mitigate, and deal with the actual and future consequences of the data breach, including medical and insurance fraud, social security fraud, finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, changing the information used to verify their identity to

information not subject to this data breach, and the stress, nuisance, and annoyance of dealing with all such issues resulting from the data breach.

## CLASS ACTION ALLEGATIONS

26.    Plaintiffs brings this class action pursuant to Cal. Civ. Pro. Code. § 382 on behalf of themselves and the Class. The proposed Class (whose members are "Class Members") is defined as follows:

> All residents of California whose PII or PMI was provided to or obtained by LifeLong and whose PII or PMI was accessed, compromised, or stolen by an unauthorized individual or individuals in the data breach announced by LifeLong on or about August 24, 2021.

27.    Excluded from the Class are Defendant, Defendant's corporate parents, subsidiaries, affiliates, and any entity in which Defendant has a controlling interest; any of their officers, directors, employees, or agents; the legal representatives, successors, or assigns of any such excluded persons or entities; and the judicial officers to whom this matter is assigned as well as their court staff.

28.    <u>Numerosity</u>. The members of the Class are so numerous that joinder of all members is impractical. LifeLong has represented that 115,448 individuals were affected by the data breach. The precise number of Class Members, their identities, and their contact information can be ascertained through appropriate discovery and records of LifeLong.

29.    <u>Commonality</u>. Common questions of fact and law exist as to all members of the Class and predominate over the questions affecting only individual members of the Class. These common questions include but are not limited to:

   a.    Whether Defendant engaged in the wrongful conduct alleged herein;

   b.    Whether Plaintiffs' and Class Members' PII or PMI was accessed, compromised, or stolen in the data breach announced by LifeLong;

   c.    Whether Defendant owed a duty to Plaintiffs and Class Members to implement and maintain reasonable security procedures and practices to adequately protect their PII and PMI;

   d.    Whether Defendant owed a duty to Plaintiffs and Class Members to provide them with timely and accurate notice of the data breach;

   e.    Whether Defendant breached its duties to protect the PII and PMI of Plaintiffs and the Class by failing to provide adequate data security;

f.  Whether Defendant was negligent in the development, use, monitoring, or maintenance of data security protocols, failing to exercise a reasonable standard of care due in the circumstances;

g.  Whether Defendant unreasonably delayed in notifying Plaintiffs and the Class of the data breach;

h.  Whether Defendant was negligent in apprising affected individuals of the data breach;

i.  Whether Defendant's conduct violated California statutory law;

j.  Whether Defendant's breach of its duty to implement and maintain reasonable data security directly and/or proximately caused damages to Plaintiffs and Class Members;

k.  Whether Plaintiffs and Class Members are entitled to recover compensatory damages, punitive damages, and/or statutory or civil penalties as a result of the data breach; and

l.  Whether Plaintiffs and Class members are entitled to equitable relief, including injunctive relief and/or equitable relief.

30.     _Typicality_. Plaintiffs' claims are typical of those of the Class because Plaintiffs and Class members were exposed to identical conduct and accompanying invasions of their privacy.

31.     _Adequacy_.   Plaintiffs can fairly and adequately represent the interests of the Class. Plaintiffs have no conflict of interest with other Class Members, are not subject to any unique defenses, and have retained competent and experienced counsel.

32.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impractical, the likelihood of individual members prosecuting separate claims is remote, and individual Class Members do not have a significant interest in controlling the prosecution of separate actions.  Relief concerning Plaintiffs' rights under the laws alleged herein is appropriate with respect to the Class as a whole; and Plaintiffs anticipate no difficulty in the management of this action which would preclude its maintenance as a class action.

33.     Plaintiffs reserve the right to add Class representatives, provided Defendant is afforded an opportunity to conduct discovery as to those representatives.

## FIRST CAUSE OF ACTION
### Violation of California's Confidentiality of Medical Information Act ("CMIA")
### Cal. Civ. Code § 56, _et seq._

34.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

35.     Defendant is a "provider of healthcare" subject to the requirements of the CMIA.

36.     Plaintiffs and Class Members are "patients" as defined in § 56.05 of the CMIA.

37.    Plaintiffs' and Class Members' PII and PMI constitutes "medical information" as defined in § 56.05(j) of the CMIA.

38.    Defendant's negligent failure to maintain, preserve, store, abandon, destroy, and/or dispose of Plaintiffs' and Class Members' PII and PMI in a manner that preserved the confidentiality of the medical information contained therein violated the CMIA, Cal. Civ. Code § 56.101(a).    Defendant's inadequate data security practices and protocols did not protect and preserve the confidentiality and integrity of electronic medical information in violation of the CMIA, Cal. Civ. Code § 56.101.   As a result, Plaintiffs' and Class Members' PII and PMI were negligently released to unauthorized third parties who gained access to and possession of Plaintiffs' and Class Members' PII and PMI.

39.    Upon information and belief, the unauthorized cyber criminals gained access to the PII and PMI of Plaintiffs and Class Members with the intent of misusing this information, including marketing and selling this information on the dark web.

40.    Plaintiffs and Class Members were injured and have suffered damages, as described above, from Defendant's negligent release of their medical information in violation of Cal. Civ. Code § 56.101, and therefore seek relief under Cal. Civ. Code § 56.36, including without limitation nominal damages of $1,000, actual damages, attorneys' fees, and costs.

41.    Plaintiffs, on behalf of themselves and the Class, request relief as further described below.

**SECOND CAUSE OF ACTION**
**Violation of California's Customer Records Act ("CRA")**
**(California Civil Code § 1798.80 et seq.; § 1798.82)**

42.    Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

43.    California Civil Code § 1798.82 provides that "(a) A person or business that conducts business in California, and that owns or licenses computerized data that includes personal information shall disclose any breach of the security of the system following discovery or notification of the breach in the security of the data to any resident of California (1) whose unencrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person, or, (2) whose encrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person and the encryption key or security credential was, or is reasonably believed to have been, acquired by an unauthorized person and the agency that owns or licenses the encrypted information has a reasonable belief that the encryption key or security credential could render that personal information readable or usable. The disclosure shall be made *in the most expedient time possible and without unreasonable delay,*

consistent with the legitimate needs of law enforcement . . . ." California Civil Code §1798.82(a) (Emphasis added).

44.     Pursuant to California Civil Code § 1798.82(b), "A person or business that maintains computerized data that includes personal information that the person or business does not own shall notify the owner or licensee of the information of the breach of the security of the data *immediately following discovery*, if the personal information was, or is reasonably believed to have been, acquired by an unauthorized person." California Civil Code § 1798.82(b) (Emphasis added).

45.     Pursuant to California Civil Code § 1798.82(g) "breach of the security of the system" includes "unauthorized acquisition of computerized data that compromises the security, confidentiality, or integrity of personal information maintained by the person or business."

46.     The CRA clearly defines the required standard of conduct relative to notice of a data breach involving personal information.

47.     In enacting § 1798.82, the California Legislature noted that "[a]ccording to the Attorney General, victims of identity theft must act quickly to minimize the damage; therefore expeditious notification of possible misuse of a person's personal information is imperative." 2002 Cal. Legis. Serv. Ch. 95 (SB 1386) at Section 1(e).

48.     Under California Civil Code § 1798.80(a), "Business" means a "sole proprietorship, partnership, corporation, association, or other group, however organized and whether or not organized to operate at a profit, including a financial institution organized, chartered, or holding a license or authorization certificate under the law of this state, any other state, the United States, or of any other country, or the parent or the subsidiary of a financial institution." As a non-profit corporation, LifeLong is a "business" within the meaning of § 1798.80(a).

49.     "Personal information" means any information that identifies, relates to, describes, or is capable of being associated with, a particular individual, including, but not limited to, his or her name, signature, social security number, physical characteristics or description, address, telephone number, passport number, driver's license or state identification card number, insurance policy number, education, employment, employment history, bank account number, credit card number, debit card number, or any other financial information, medical information, or health insurance information. California Civil Code § 1798.80(e).

50.     Plaintiffs and Class Members are "customer[s]" within the meaning of the Civil Code § 1798.80(c) "who provide[d] personal information to [Defendant] for the purpose of . . . obtaining a service

from the business." The PII and PMI retained by Defendant constitutes "personal information" as defined in Civil Code § 1798.80(e).

51.     Defendant failed to provide timely notice required by California Civil Code § 1798.82(a) and/or (b) to Plaintiffs and the Class.

52.     California Civil Code § 1798.82 was intended to prevent the type of harm that Defendant's failure to provide timely notice caused.

53.     Plaintiffs and Class Members are California residents who provided personal information, including but not limited to PII and PMI, within the meaning of the CRA, to the Defendant. They are therefore members of the class of persons the statute was designed to protect.

54.     Defendant's failure to comply with this statute proximately caused injury to Plaintiffs and the Class because Defendant did not notify Plaintiffs and the Class that their PII and PMI had been unlawfully accessed by unauthorized cybercriminals until approximately six months after being apprised that a data breach had occurred.

55.     If Plaintiffs and Class Members had been notified of the data breach earlier, they could have taken earlier steps to mitigate the dangers from their information being stolen. The unreasonable, six-month delay in notifying affected individuals after LifeLong knew of the data breach harmfully exposed the PII and PMI of Plaintiffs and the Class to substantially increased risk of identity theft and fraud.

56.     As a direct and proximate result of Defendant's unreasonable delay in notifying Plaintiffs and Class of the data breach, Plaintiffs and the Class have suffered and will continue to suffer damages as described above and continue to bear the risks of further exposure of their PII and PMI.

57.     Plaintiffs, on behalf of themselves and the Class, seek relief pursuant to Cal. Civ. Code § 1798.84(b), requesting relief as described below.

### THIRD CAUSE OF ACTION
**Violation of California's Unfair Competition Law**
**Cal. Bus. & Prof. Code § 17200 *et seq.***

58.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

59.     Defendant has violated the California Unfair Competition Law, Business & Professions Code § 17200, et seq. ("UCL"), by engaging in unlawful, unfair and/or fraudulent business acts and practices and unfair, deceptive, untrue or misleading advertising that constitute acts of "unfair competition" as defined in the UCL with respect to the services provided to the Class.

60.     Defendant engaged in unlawful acts and practices with respect to the services by establishing the sub-standard security practices and procedures described herein; by soliciting and collecting Plaintiffs' and Class Members' PII and PMI with knowledge that the information would not be adequately protected; and by negligently storing Plaintiffs' and Class Members' PII and PMI in an unsecure electronic environment at least in violation of California's Confidentiality of Medical Information Act, Cal. Civ. Code § 56, *et seq*. as described above. Defendant also engaged in unlawful acts and practices by failing to disclose the data breach to Plaintiffs and Class Members in a timely and accurate manner, contrary to the duties imposed by Cal. Civ. Code § 1798.82 as described above.

61.     As a direct and proximate result of Defendant's unlawful practices and acts, Plaintiffs and the other Class Members were injured and lost, *inter alia*, money or property, including but not limited to the price received by Defendants for the services, the loss of Class members' legally protected interest in the confidentiality and privacy of their PII and PMI, and nominal damages, as well as additional losses as described above.

62.     Defendant knew or should have known that its data security practices were inadequate to safeguard Plaintiffs' and Class Members' PII and PMI and that the risk of a data breach or theft was likely. Defendant's actions in engaging in the above-named unlawful practices and acts were negligent, knowing, and willful, and/or wanton and reckless with respect to the rights of members of the Class.

63.     Plaintiffs and Class Members seek relief under the UCL including, but not limited to, restitution of money or property that Defendant may have acquired by means of its unlawful, and unfair business practices, restitutionary disgorgement of all profits accruing to Defendant because of its unlawful and unfair business practices, attorneys' fees and costs (pursuant to Cal. Code Civ. Proc. § 1021.5), and injunctive or other equitable relief.

64.     Plaintiffs, on behalf of themselves and the Class, request relief as described below.

### FOURTH CAUSE OF ACTION
### Negligence

65.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

66.     Defendant required Plaintiffs and Class Members to provide their PII and PMI as a condition of receiving healthcare services.  Defendant collected and stored the data for purposes of providing healthcare services to Plaintiffs and Class Members.

67.     Defendant owed Plaintiffs and Class Members a duty to exercise reasonable care in protecting their PII and PMI from unauthorized disclosure or access.  Defendant acknowledged this duty

in its Notice of Privacy Policy, where it promised not to disclose Plaintiffs' and Class Members' PII and PMI.

68.     Defendant owed Plaintiffs and Class Members a duty of care to provide security, consistent with industry standards, to ensure that Defendant's data security systems, procedures, and protocols adequately protected Plaintiffs' and Class Members' PII and PMI.

69.     Defendant owed a duty to timely inform Plaintiffs and Class Members, in the event of a data breach, that their PII and PMI had been compromised or improperly disclosed to unauthorized third parties.

70.     As a healthcare provider, Defendant had a special relationship with Plaintiffs and Class Members who entrusted Defendant with adequately protecting their PII and PMI.

71.     Defendant knew, or should have known, of the risks inherent in collecting and storing PII and PMI, Defendant's heightened targeting and vulnerability, as a healthcare provider, to data security attacks and breaches by cybercriminals.

72.     Defendant breached its duties to Plaintiffs and Class Members in numerous ways, as described herein, including without limitation (a) failing to adequately protect Plaintiffs' and Class Members' PII and PMI; (b) failing to maintain adequate data security practices to safeguard the PII and PMI; (c) failing to comply with healthcare industry standards for adequate data security; (d) failing to comply with its own privacy policies; (e) failing to comply with regulations protecting the PII and PMI at issue during the period of the data breach; (f) failing to adequately monitor, evaluate, and ensure the data security of Defendant's network, systems, and vendors; (g) failing to disclose the material fact that Defendants' data security practices were inadequate to safeguard the PII and PMI at issue; and (h) failing to disclose in a timely manner to Plaintiffs and Class Members the material fact of the data breach.

73.     Plaintiffs' and Class Members' PII and PMI would not have been compromised but for Defendant's wrongful and negligent breach of its duties.

74.     Defendant's failure to take proper security measures to protect the sensitive PII and PMI of Plaintiffs and Class Members as described in this Complaint created conditions to conducive to a foreseeable, intentional criminal act, namely the unauthorized access and exfiltration of PII and PMI by unauthorized third parties.  Given that healthcare providers are and at the time of the data breach were known to be prime targets for hackers, Plaintiffs and Class Members are part of a foreseeable, discernable group that was at high risk of having their PII and PMI compromised, misused, or otherwise wrongfully disclosed if not adequately protected by Defendant.

75.    It was also foreseeable that Defendant's failure to provide timely and forthright notice of the data breach would result in injury to Plaintiffs and Class Members.

76.    As a direct and proximate result of defendant's conduct, plaintiff and class members have and will suffer damages including: (i) the loss of value of their PII and PMI; (ii) the unconsented, unauthorized disclosure of their PII and PMI; (ii)

77.    As a direct and proximate result of Defendant's negligence, Plaintiffs and Class Members have suffered, and will continue to suffer, economic and non-economic harms as described above, including without limitation (a) costs associated with the continued and continuing exposure and unconsented disclosure of their PII and PMI to unauthorized third parties; (b) loss of value of their PII and PMI; (c) out-of-pocket expenses associated with the prevention detection, and recovery from identity theft, fraud, and/or unauthorized use of their PII and PMI; (d) lost time, effort, and opportunity costs associated with addressing and attempting to mitigate the actual and future consequences of the data breach, including but not limited to efforts spent researching how to prevent, detect, contest, and recovery from fraud and identity theft; (e) lost time, effort, and expense associated with placing fraud alerts or freezes on credit reports; (f) anxiety and emotional distress; (g) loss of privacy; (h) loss of fees paid to Defendant in reliance on its representations as to the veracity of its data security procedures and practices; and (i) future costs in terms of time, effort, and money that will be expended to prevent, detect, contest, and repair the continuing consequences of compromised PII and PMI for the foreseeable future.

78.    Plaintiffs, on behalf of themselves and all other Class Members, requests relief as described below.

### FIFTH CAUSE OF ACTION
### Breach of Implied Contract

79.    Plaintiffs re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

80.    Plaintiffs and Class Members were required to provide their PII and PMI to Defendant in order to receive health care services and treatments.

81.    As part of these transactions, Defendant agreed to safeguard and protect the PII and PMI of Plaintiffs and class members. Implicit in these transactions was the obligation that Defendant would use the PII and PMI for approved business purposes only and would not make unauthorized disclosures of the information or allow unauthorized access to the information.

82.    Additionally, Defendant implicitly promised to retain this PII and PMI only under conditions that kept such information secure and confidential and therefore had a duty to reasonably

safeguard and protect the PII and PMI of Plaintiffs and Class Members from unauthorized disclosure or access.

83.     Plaintiffs and Class Members entered into implied contracts with Defendant with the reasonable expectation that Defendant's data security practices and policies were adequate and consistent with healthcare industry standards.  Plaintiffs and Class Members believed that Defendant would provide adequate and reasonable data security practices to protect their PII and PMI and would provide accurate and timely notice if such information was compromised, lost, or stolen.

84.     Plaintiffs and Class Members would not have provided and entrusted their PII and PMI to Defendant in the absence of the implied contracts between them and Defendant whereby Defendant would provide adequate and reasonable data security practices to protect their PII and PMI and would provide accurate and timely notice if such information was compromised, lost, or stolen.

85.     Plaintiffs and Class Members fully performed their obligations under the implied contracts with Defendant.

86.     Defendant breached its implied contracts with Plaintiffs and Class Members by failing to reasonably safeguard and protect Plaintiffs' and Class Members' PII and PMI, which was compromised as a result of the data breach, and by failing to time timely notify Plaintiffs and Class Members of the data breach.

87.     As a direct and proximate result of Defendant's breaches of its implied contracts with Plaintiffs and Class Members, Plaintiffs and Class Members sustained actual losses and damages as described herein, and will continue to suffer damages for, potentially, years to come.

88.     Plaintiffs, on behalf of themselves and the Class, requests relief as described below.

**PRAYER FOR RELEIEF**

WHEREFORE, Plaintiffs Herman Cowan and Mary Scott, on behalf of themselves and members of the Class, respectfully request that this Court enter judgment in their favor and against Defendant as follows:

1. Certifying this matter as a Class action;

2. Awarding Plaintiffs and the Class all recoverable compensatory, consequential, actual and/or nominal/statutory damages in the maximum amount permitted by law;

3. Awarding other equitable relief;

4. Awarding appropriate injunctive relief;

5. Awarding attorneys' fees and costs as authorized by statute and governing law;

6. Awarding prejudgment interest at the legal rate; and

1      7. Granting such other and further relief, at law and in equity, as this Court deems just and proper.

2                                **DEMAND FOR JURY TRIAL**

3              Plaintiffs, on behalf of themselves and members of the Class, hereby demands a jury trial on all

4      issues so triable pursuant to the California Rules of Civil Procedure.

5      DATED:   October 19, 2021                          Respectfully submitted,

6

7                                                    _Hammo_

8                                             _____
                                                     Julian Hammond
                                                     *Attorneys for Plaintiffs and the Putative* Class

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
HammondLaw, P.C., Julian Hammond (SBN 268489)
11780 W. Sample Rd., Suite 103, Coral Springs, FL 33065

TELEPHONE NO.: (310) 601-6766    FAX NO. *(Optional):* (310) 295-2385
E-MAIL ADDRESS: jhammond@hammondlawpc.com
ATTORNEY FOR *(Name):* Herman Cowan and Mary Scott

**FOR COURT USE ONLY**

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
10/19/2021 at 02:20:55 PM
By: Shabra Iyamu, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
Herman Cowan and Mary Scott v. LifeLong Medical Care

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000) | [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | |
| | | | | JUDGE: DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

    **Auto Tort**
    [ ] Auto (22)
    [ ] Uninsured motorist (46)
    **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
    [ ] Asbestos (04)
    [ ] Product liability (24)
    [ ] Medical malpractice (45)
    [ ] Other PI/PD/WD (23)
    **Non-PI/PD/WD (Other) Tort**
    [x] Business tort/unfair business practice (07)
    [ ] Civil rights (08)
    [ ] Defamation (13)
    [ ] Fraud (16)
    [ ] Intellectual property (19)
    [ ] Professional negligence (25)
    [ ] Other non-PI/PD/WD tort (35)
    **Employment**
    [ ] Wrongful termination (36)
    [ ] Other employment (15)

    **Contract**
    [ ] Breach of contract/warranty (06)
    [ ] Rule 3.740 collections (09)
    [ ] Other collections (09)
    [ ] Insurance coverage (18)
    [ ] Other contract (37)
    **Real Property**
    [ ] Eminent domain/Inverse condemnation (14)
    [ ] Wrongful eviction (33)
    [ ] Other real property (26)
    **Unlawful Detainer**
    [ ] Commercial (31)
    [ ] Residential (32)
    [ ] Drugs (38)
    **Judicial Review**
    [ ] Asset forfeiture (05)
    [ ] Petition re: arbitration award (11)
    [ ] Writ of mandate (02)
    [ ] Other judicial review (39)

    **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
    [ ] Antitrust/Trade regulation (03)
    [ ] Construction defect (10)
    [ ] Mass tort (40)
    [ ] Securities litigation (28)
    [ ] Environmental/Toxic tort (30)
    [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
    **Enforcement of Judgment**
    [ ] Enforcement of judgment (20)
    **Miscellaneous Civil Complaint**
    [ ] RICO (27)
    [ ] Other complaint *(not specified above)* (42)
    **Miscellaneous Civil Petition**
    [ ] Partnership and corporate governance (21)
    [ ] Other petition *(not specified above)* (43)

2.  This case [x] is [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
    a.  [ ] Large number of separately represented parties    d. [x] Large number of witnesses
    b.  [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
    c.  [x] Substantial amount of documentary evidence    f. [x] Substantial postjudgment judicial supervision

3.  Remedies sought *(check all that apply)*: a. [x] monetary   b. [x] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4.  Number of causes of action *(specify):* 5
5.  This case [x] is [ ] is not   a class action suit.
6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: October 19, 2021
Julian Hammond

_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
*   Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
*   File this cover sheet in addition to any cover sheet required by local court rule.
*   If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
*   Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California                    **CIVIL CASE COVER SHEET**                    Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
                                                                                                Cal. Standards of Judicial Administration, std. 3.10

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                     **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, only parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

CM-010 [Rev. September 1, 2021]                          **CIVIL CASE COVER SHEET**                                          **Page 2 of 2**

**For your protection and privacy, please press the Clear**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Alameda

10/19/2021

Chad Finke, Executive Officer / Clerk of the Court

By: _S. Iyamu_ Deputy
S. Iyamu

COURTHOUSE ADDRESS:
Rene C. Davidson Courthouse
1225 Fallon Street, Oakland, CA 94612

PLAINTIFF:
Herman Cowan  et al

DEFENDANT:
Lifelong Medical Care

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
21CV000478

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

| | |
|---|---|
| Date: 02/16/2022    Time: 8:30 AM    Dept.: 23 | |
| Location: Rene C. Davidson Courthouse | |
| Administration Building, 1221 Oak Street, Oakland, CA 94612 | |

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF ALAMEDA** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>10/19/2021<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _S. Iyamu_ Deputy<br>S. Iyamu |
| PLAINTIFF/PETITIONER:<br>Herman Cowan  et al | |
| DEFENDANT/RESPONDENT:<br>Lifelong Medical Care | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>21CV000478 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Chad Finke, Executive Officer / Clerk of the Court

Dated: 10/20/2021          By:

Chad Finke, Executive Officer / Clerk of the Court

S. Iyamu, Deputy Clerk

# EXHIBIT "2"

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**12/06/2021 at 09:24:39 PM**
By: Curtiyah Ganter, Deputy Clerk

1  Nathan A. Guest (State Bar No. 330167)
   nguest@wshblaw.com
2  **WOOD, SMITH, HENNING & BERMAN LLP**
   10960 Wilshire Boulevard, 18th Floor
3  Los Angeles, California 90024-3804
   Phone: 310-481-7600 ♦ Fax: 310-481-7650
4
5  Attorneys for Defendant, LIFELONG MEDICAL CARE, a California corporation

6

7              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8            **FOR THE COUNTY OF ALAMEDA – COMPLEX CIVIL**

9

10  HERMAN COWAN and MARY SCOTT, on          21CV000478
    behalf of themselves and all others similarly
11  situated                                  **DEFENDANT LIFELONG MEDICAL
                                               CARE'S ANSWER TO PLAINTIFFS'**
12              Plaintiffs,                    **COMPLAINT**

13      v.                                     **DEMAND FOR JURY TRIAL**

14  LIFELONG MEDICAL CARE, a California        [Assigned for All Purposes to Judge Brad S. Seligman, Dept.
    corporation,                              23]
15
                Defendant(s).                  Action Filed:        10/19/21
16
17                                             Trial Date:          None Set
18

19          Defendant Lifelong Medical Care ("Defendant") hereby answers the Complaint filed by

20  Plaintiffs Herman Cowan and Mary Scott on behalf of themselves and all others similarly situated

21  ("Plaintiffs"):

22                    <u>**GENERAL AND SPECIFIC DENIALS**</u>

23          Pursuant to the provisions of California Code of Civil Procedure section 431.30(d),

24  Defendant denies, generally and specifically, each and every allegation contained in the

25  Complaint, and further denies that Plaintiffs have been damaged in the amount or amounts alleged

26  therein, or in any other amount, or at all, by reason of any act or omission on the part of

27  Defendant, or by any act or omission by any agent or employee of Defendant.  Defendant further

28  denies, generally and specifically, that Plaintiffs are entitled to any relief whatsoever.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.     As a separate and affirmative defense to the Complaint, Defendant is informed and believes, and thereon alleges, that Plaintiffs are barred from recovery herein by reason of the fact that the Complaint, and each and every cause of action thereof, fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Standing)

2.     As a separate and affirmative defense to the Complaint, Defendant alleges that the Plaintiffs, as alleged in the Complaint, do not have standing to bring one or more of their causes of action.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

3.     As a separate and affirmative defense to the Complaint, Defendant is informed and believes, and thereon alleges, that Plaintiffs are barred from recovery under any and all causes of action alleged in the Complaint by reason of their failure and refusal to mitigate their damages, if any, incurred as a result of any and all matters alleged in the Complaint, despite their ability to do so by the exercise of reasonable effort.

## FOURTH AFFIRMATIVE DEFENSE

### (Defendant's Cure – California Civil Code § 1798.150(a)(1))

4.     As a separate and affirmative defense to the Complaint, Defendant alleges that it cured any alleged violation of the California Consumer Privacy Act pursuant to California Civil Code section 1798.150(a)(1) and, therefore, Plaintiffs are barred from seeking statutory damages.

## FIFTH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

5.     As a separate and affirmative defense to the Complaint, Defendant alleges that without admitting that Plaintiffs suffered any damage or damages, Plaintiffs' right of recovery, if any, is barred or diminished because the damages sustained by Plaintiffs, if any, were proximately

1  caused by the negligence of others not under the control of Defendant including but not limited to,

2  Plaintiffs and/or other persons, which negligence bars or diminishes the recovery, if any, of

3  Plaintiffs against Defendant.

### SIXTH AFFIRMATIVE DEFENSE

#### (Comparative Fault)

6.    As a separate and affirmative defense to the Complaint, Defendant alleges that without admitting that Plaintiffs suffered any damage or damages, Plaintiffs' right of recovery, if any, is barred or diminished because the damages sustained by Plaintiffs, if any, were proximately caused by the fault of others not under the control of Defendant, including but not limited to, Plaintiffs and/or other persons, which faults bars or dminishes the recovery, if any, of Plaintiffs against Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Reimbursement)

7.    As a separate and affirmative defense to the Complaint, Defendant alleges that any reimbursement, from whatever source, to Plaintiffs of the alleged damages must be applied against any liability of Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

8.    As a separate and affirmative defense to the Complaint, Defendant alleges that Plaintiffs' purported causes of action against Defendant are barred by the applicable statute of limitations.

### NINTH AFFIRMATIVE DEFENSE

#### (Waiver)

9.    As a separate and affirmative defense to the Complaint, Defendant is informed and believes, and thereon alleges, that Plaintiffs engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of duty, negligence, act, omission or any other conduct, if any, as set forth in the Complaint.

### TENTH AFFIRMATIVE DEFENSE

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

**(Unjust Enrichment)**

10.     As a separate and affirmative defense to the Complaint, Defendant is informed and believes, and thereon alleges, that payment of money to Plaintiffs for alleged violations or conduct which are the subject of the Complaint would constitute unjust enrichment.

## ELEVENTH AFFIRMATIVE DEFENSE

**(No Damages)**

11.     As a separate and affirmative defense to the Complaint, Defendant is informed and believes, and thereon alleges, that Plaintiffs have suffered no cognizable damage as a result of any and all of the matters alleged in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

**(Contribution)**

12.     As a separate and affirmative defense to the Complaint, Defendant is informed and believes, and thereon alleges, that without admitting that Plaintiffs suffered any damage or damages, Defendant alleges that in the event Defendant is found liable to Plaintiffs, which liability is expressly denied, and any other parties, persons, or entities are likewise held liable to Plaintiffs, Defendant is entitled to a percentage reduction of their liability, reflecting the liability of such other parties, persons, or entities, in accordance with the principles of equitable indemnity and comparative contribution

## THIRTEENTH AFFIRMATIVE DEFENSE

**(Apportionment of Fault)**

13.     As a separate and affirmative defense to the Complaint, Defendant is informed and believes, and thereon alleges, that without admitting that Plaintiffs suffered any damage or damages, Defendant alleges that Plaintiffs' right of recovery, if any, under all causes of action, is barred or diminished because Plaintiffs and/or other persons were negligent or otherwise at fault with respect to the matters set forth in the Complaint, thus, in the event of a settlement, judgment or other resolution in favor of Plaintiffs, Defendant requests that an apportionment of negligence or fault be made among all parties and other persons and further requests that a judgment or declaration of partial or total indemnification and/or contribution be issued in accord with the

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

1   apportionment of negligence or fault

2   ### FOURTEENTH AFFIRMATIVE DEFENSE

3   ### (Due Care)

4        14.    As a separate and affirmative defense to the Complaint, Defendant alleges that at

5   all relevant times, Defendant acted with due care and in accordance with all statutory and

6   regulatory requirements.

7   ### FIFTEENTH AFFIRMATIVE DEFENSE

8   ### (Causation)

9        15.    As a separate and affirmative defense to the Complaint, Defendant is informed and

10  believes, and thereon alleges, that it did not affirmatively contribute to any of the injuries or

11  damages of which Plaintiffs complain.

12  ### SIXTEENTH AFFIRMATIVE DEFENSE

13  ### (Proximate Cause)

14       16.    As a separate and affirmative defense to the Complaint, Defendant is informed and

15  believes, and thereon alleges, that Plaintiffs' alleged losses or damages, if any, were not

16  proximately caused or contributed to by any acts or omissions of Defendant.

17  ### SEVENTEENTH AFFIRMATIVE DEFENSE

18  ### (Superseding and Intervening Act)

19       17.    As a separate and affirmative defense to the Complaint, Defendant is informed and

20  believes, and thereon alleges, that the injuries and damages sustained by Plaintiffs, if any, were

21  proximately caused by the intervening and superseding actions of others, which intervening and

22  superseding actions bar and/or diminish Plaintiffs' recovery, if any, against Defendant, or any of

23  them.

24  ### EIGHTEENTH AFFIRMATIVE DEFENSE

25  ### (Collateral Source Rule)

26       18.    As a separate and affirmative defense to the Complaint, Defendant is informed and

27  believes, and thereon alleges, that Plaintiffs' award of damages, if any, must be reduced by the

28  application of the collateral source rule.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

## NINETEENTH AFFIRMATIVE DEFENSE

### (Set Off)

19.     As a separate and affirmative defense to the Complaint, Defendant is informed and believes, and thereon alleges, that it is entitled to a contractual and/or statutory set-off and/or offset against any damages or claims recovered by Plaintiffs, if any, for Defendant's alleged wrongful acts alleged by Plaintiffs in the Complaint.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Right to Add Other Affirmative Defenses)

20.     As a separate and affirmative defense to the Complaint, Defendant reserves the right to allege further affirmative defenses as they become known through the course of discovery. No defense is being knowingly or intentionally waived.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiffs take nothing by way of the Complaint;

2.     That judgment be entered against Plaintiffs and in favor of Defendant on all causes of action;

3.     That Defendant be awarded attorneys' fees and costs of suit incurred herein; and

4.     That Defendant be awarded such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury in the above-entitled matter.

DATED:  December 6, 2021             WOOD, SMITH, HENNING & BERMAN LLP


By: _____
NATHAN A. GUEST
Attorneys for Defendant, LIFELONG MEDICAL
CARE, a California corporation

**PROOF OF SERVICE**

**Cowan, et al. v. Lifelong Medical Care**
**Case No. 21CV000478**

    I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action.  My business address is 10960 Wilshire Boulevard, 18th Floor, Los Angeles, CA 90024-3804.

    On December 6, 2021, I served the following document(s) described as **DEFENDANT LIFELONG MEDICAL CARE'S ANSWER TO PLAINTIFFS' COMPLAINT** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

    **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address jduggans@wshbmail.com to the persons at the electronic notification address listed in the service list.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was not successful.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on December 6, 2021, at Los Angeles, California.

*Jamila Duggans*

_____
Jamila L. Duggans

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

**SERVICE LIST**
**Cowan, et al. v. Lifelong Medical Care**
**Case No. 21CV000478**

Julian Hammond, Esq.
Polina Brandler, Esq.
Ari Cherniak, Esq.
Hammondlaw, P.C.
11780 W. Sample Road
Suite 103
Coral Springs, FL 33065
Tel: (310) 601-6766 / Fax: (310) 295-2385
E-mail: jhammond@hammondlawpc.com
          pbrandler@hammondlawpc.com
          acherniak@hammondlawpc.com
**Attorneys for Plaintiffs HERMAN COWAN;**
**MARY SCOTT; and the Putative Class**

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

23015971.1:11019-0061

DEFENDANT LIFELONG MEDICAL CARE'S ANSWER TO PLAINTIFFS' COMPLAINT

# EXHIBIT "3"

**SUM-110**

# SUMMONS
## Cross-Complaint
### *(CITACION JUDICIAL–CONTRADEMANDA)*

**NOTICE TO CROSS-DEFENDANT:**
*(AVISO AL CONTRA-DEMANDADO):*
NETGAIN TECHNOLOGY, INC., a Minnesota corporation, and ROES 1-50, inclusive

**YOU ARE BEING SUED BY CROSS-COMPLAINANT:**
*(LO ESTÁ DEMANDANDO EL CONTRADEMANDANTE):*
LIFELONG MEDICAL CARE a California corporation

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY
JERRIE MOYER
DEC 0 9 2021
CLERK OF THE SUPERIOR COURT
By _____
Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the cross-complainant. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por esqrito en esta corte y hacer que se entregue una copia al contrademandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), o oniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | SHORT NAME OF CASE (from Complaint): (Nombre de Caso): |
|---|---|
| *(El nombre y dirección de la corte es:)* | Cowan, et al. v. Lifelong Medical Care |
| Alameda Superior Court | CASE NUMBER: (Número del Caso): |
| 1221 Oak Street | 21CV000478 |
| Oakland, CA 94612 | |

The name, address, and telephone number of cross-complainant's attorney, or cross-complainant without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del contrademandante, o del contrademandante que no tiene abogado, es:)* Nathan A. Guest      Tel: (310) 481-7600  /  Fax (310) 481-7650
WOOD, SMITH, HENNING & BERMAN LLP
10960 Wilshire Boulevard, 18th Floor, Los Angeles, California 90024-3804

| DATE: | Clerk, by | **JERRIE MOYER** | , Deputy |
|---|---|---|---|
| *(Fecha)* DEC 0 9 2021 | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual cross-defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
   ☐ by personal delivery on *(date):*

Chad Finke

| Form Adopted for Mandatory Use Judicial Council of California SUM-110 [Rev. July 1, 2009] | **SUMMONS—CROSS-COMPLAINT** | Page 1 of 1 Code of Civil Procedure, §§ 412.20, 428.60, 465 *www.courtinfo.ca.gov* |
|---|---|---|

FAXED

ENDORSED
FILED
ALAMEDA COUNTY

DEC 09 2021

CLERK OF THE SUPERIOR COURT
By
~~JERRIE MOYER~~
Deputy

1  Nathan A. Guest (State Bar No. 330167)
   nguest@wshblaw.com
2  **WOOD, SMITH, HENNING & BERMAN LLP**
   10960 Wilshire Boulevard, 18th Floor
3  Los Angeles, California 90024-3804
   Phone: 310-481-7600 ♦ Fax: 310-481-7650
4
5  Attorneys for Defendant/Cross-Complainant, LIFELONG MEDICAL CARE, a
   California corporation
6
7
8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9              **FOR THE COUNTY OF ALAMEDA – COMPLEX CIVIL**
10

| | |
|---|---|
| 11  HERMAN COWAN and MARY SCOTT, on behalf of themselves and all others similarly situated | Lead Case No. 21CV000478 |
| 12 | **CROSS-COMPLAINT FOR:** |
| 13                    Plaintiffs, | **1. EQUITABLE/IMPLIED INDEMNITY;** |
| 14          v. | **2. IMPLIED CONTRACTUAL INDEMNITY;** |
| 15  LIFELONG MEDICAL CARE, a California corporation, | **3. BREACH OF WRITTEN CONTRACT;**<br>**4. CONTRIBUTION;**<br>**5. APPORTIONMENT OF FAULT; and** |
| 16                    Defendant(s). | **6. DECLARATORY RELIEF.** |
| 17 | |
| 18  LIFELONG MEDICAL CARE a California corporation, | [Assigned for All Purposes to Judge Brad S. Seligman, Dept. 23] |
| 19 | |
| 20                 Cross-Complainant, | |
| 21          v. | Action Filed:          10/19/21 |
| 22  NETGAIN TECHNOLOGY, INC., a Minnesota corporation, and ROES 1-50, inclusive, | Trial Date:          None Set |
| 23 | |
| 24                 Cross-Defendants. | |
| 25  AND ALL RELATED CROSS-ACTIONS. | |
| 26 | |

FAXED

27     Cross-Complainant, LIFELONG MEDICAL CARE (hereinafter "Cross-Complainant")
28  files this Cross-Complaint for causes of action against Cross-Defendants, and each of them, as

22916396.1:11019-0061                          -1-

CROSS-COMPLAINT OF LIFELONG MEDICAL CARE

follows:

## **GENERAL ALLEGATIONS**

1.     This Cross-Complaint arises from the Complaint filed by Plaintiffs HERMAN COWAN and MARY SCOTT, individually and on behalf of all others similarly situated (hereinafter "Plaintiffs") which arose as a result of Cross-Defendant NETGAIN TECHNOLOGY, INC's. (hereinafter "NETGAIN") failure to take all reasonable steps to ensure that the non-public confidential information of Plaintiffs was not subject to unauthorized access and/or disclosure, pursuant to Section XI of the agreement with Cross-Complainant.

2.     At all times herein mentioned, Cross-Complainant is a non-profit healthcare provider that serves patients in the State of California, with its principal place of business at 2344 Sixth Street, Berkeley, California 94710.

3.     At all times herein mentioned, Cross-Complainant is informed and believes, and based thereon alleges that at all times herein mentioned, that Cross-Defendant is a Minnesota corporation, with its principal place of business at 720 West St. Germain Street, St. Cloud, Minnesota, 56301, doing business in the State of California, at all times relevant to the subject matter of this action.

4.     Cross-Complainant is informed and believes, and based thereon alleges that at all times herein mentioned, Cross-Defendant, NETGAIN, is a cloud hosting and information technology service provider for healthcare organizations, including Cross-Complainant.

5.     Cross-Complainant is presently unaware of the true names and capacities and liability of Cross-Defendants named herein as ROES 1 - 50, inclusive, and Cross-Complainant will seek leave of court to amend this Cross-Complaint to allege their true names and capacities after they have been ascertained.

6.     Cross-Complainant is informed and believes and based thereon alleges that each of the Cross-Defendants, including ROES 1 - 50, inclusive, are in some manner legally responsible for the acts and omissions alleged herein, and actually and proximately caused and contributed to the various injuries and damages referred to herein.

/ / /

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

22916396.1:11019-0061

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

7.      Cross-Complainant is informed and believes and based thereon alleges, that at all times herein mentioned, Cross-Defendants, including ROES 1 through 50, and each of them, was the agent, partner, co-developer, joint venturer, lender, predecessor in interest, successor in interest, and/or employee of each of the remaining Cross-Defendants, including ROES 1 through 50, and each of them, and were at all times herein mentioned acting within the course and scope of such agency and/or employment.

8.      At all times herein mentioned, a written contract[1] existed between Cross-Complainant and Cross-Defendant NETGAIN, the terms of which shall be according to proof at time of trial.  On or about December 21, 2015, Cross-Complainant entered into a written contract ("Agreement") with Cross-Defendant NETGAIN.  The Agreement sets forth terms and conditions under which Cross-Defendant NETGAIN, agrees to provide Cross-Complainant computer related services.  Pursuant to the Agreement, Cross-Defendant NETGAIN, acknowledges that it has access to non-public/confidential information of the Plaintiffs (Cross-Complaint's patients).  The Agreement prohibits Netgain from disclosing this information to any person outside of its company. Netgain agreed to take all reasonable steps to ensure fulfillment of this obligation.

9.      Cross-Complainant is informed and believes thereon alleges that at all times herein mentioned, that on November 24, 2020, Cross-Defendant NETGAIN,  sustained a ransomware attack (the "Netgain Incident").  As a result of the ransomware attack on NETGAIN, the personal identifiable information ("PII") and personal health information ("PHI") of approximately 115,000 LIFELONG patients may have been subject to unauthorized access.

10.     On or about October 19, 2021, Plaintiffs filed a lawsuit against Cross-Complainant for damages arising out of the Netgain Incident, in the Alameda County Superior Court, Case No. 21CV000478, ("Complaint").  Plaintiffs alleged causes of action for: (1) violations of the

---

[1] A copy of the referenced Agreement is not annexed to the Complaint due to the confidentiality provision in the Agreement. However, a copy of the Agreement can be produced upon consent of all parties or upon Order of the Court.

1    Confidentiality of Medical Information Act (CMIA);  (2) violations of California's Customer

2    Records Act (CRA) (3) violations of the California Unfair Competition Law (UCL); (4)

3    negligence; and (5) breach of implied contract.

4          11.     Upon information and belief, pursuant to language contained in the Agreement and

5    as may otherwise apply by law, Cross-Defendant NETGAIN, has an obligation to Cross-

6    Complaint for all losses or damages arising out of or in connection with the Netgain Incident

7    that is the subject of Plaintiffs' Complaint.

8

9    **FIRST CAUSE OF ACTION**

10    **(Equitable/Implied Indemnity)**

11    **(As to All Cross-Defendants, including ROES 1-50)**

12          12.     Cross-Complainant refers to and incorporates herein by reference each and every

13    preceding paragraph and all Causes of Action as though fully set forth herein.

14          13.     In equity and good conscience, if Plaintiffs recover against Cross-Complainant,

15    then Cross-Complainant is entitled to equitable indemnity, apportionment of liability, and

16    contribution among, and from, the Cross-Defendants, and each of them, according to their

17    respective fault, for the injuries and damages allegedly sustained by any and all Plaintiffs, if any,

18    by way of sums paid by settlement, or in the alternative, any judgments rendered against

19    Cross-Complainant in this action.

20          14.     Cross-Complainant expressly denies the allegations of the Complaint and any

21    wrongdoing on its part.  Should Cross-Complainant nevertheless be found liable for any alleged

22    wrongdoings with respect to Plaintiffs' allegations, the acts and/or omissions of

23    Cross-Complainant was passive and secondary, while those of Cross-Defendants, and each of

24    them, were active, primary and superseding.  Thus, as a direct, proximate and foreseeable result of

25    the wrongdoing of Cross-Defendants herein, and each of them, Cross-Complainant is entitled to

26    total equitable indemnity from Cross-Defendants with respect to any and all liability adjudged

27    against Cross-Complainant.

28    / / /

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

15.     As a direct, proximate and foreseeable result of the filing of the Complaint, Cross-Complainant has been compelled to incur attorneys' fees, court costs and the expense of this cross-action and Cross-Complainant will seek leave of court to amend its Cross-Complaint to set forth the amount of said damages when the same have been ascertained.

16.     Should Plaintiffs recover any amount of damages against Cross-Complainant by way of judgment, settlement or otherwise, then Cross-Complainant by reason of the foregoing and in equity and good conscience, is entitled to an equitable apportionment of the liability of Cross-Defendants, and each of them, on a comparative fault basis and a judgment against Cross-Defendants, and each of them, under the doctrine of implied indemnity and in an amount equal to their respective liabilities as so apportioned.

## SECOND CAUSE OF ACTION

### (Implied Contractual Indemnity)

### (As to Cross-Defendants NETGAIN)

17.     Cross-Complainant refers to and incorporates herein by reference each and every paragraph of all Causes of Action herein as though fully set forth.

18.     Cross-Complainant denies the allegations of Plaintiffs, and, without admitting the allegations contained therein, if it is found that Cross-Complainant is liable for any such damage to Plaintiffs or Cross-Defendants, then Cross-Complainant is informed and believes and thereon alleges that such damage is primarily and ultimately caused by the acts, breaches and/or omissions of Cross-Defendant NETGAIN whereas Cross-Complainant's acts, if any, were secondary, passive or derivative in nature.

19.     Cross-Complainant is informed and believes and thereon alleges that Cross-Complainant entered into written and/or oral agreements with Cross-Defendant NETGAIN wherein Cross-Defendant NETGAIN agreed to provide computer services to Cross-Complainant, which is the subject of the action herein.  Cross-Defendant NETGAIN further agreed to take all reasonable steps to ensure that non-public/confidential information of Cross-Complaint's consumers will not be disclosed.

/ / /

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

20.     By reason of the foregoing, if Plaintiffs recover against Cross-Complainant, Cross-Complainant is entitled to indemnity from Cross-Defendant NETGAIN, for injuries and damages sustained by Plaintiffs, if any, for any sums paid by way of settlement, or in the alternative, any judgment rendered against Cross-Complainant in the action herein based upon the Complaint and any cause of action alleged therein.

21.     Cross-Complainant is informed and believes and thereon alleges that Cross-Complainants entered into written and/or oral agreements with the NETGAIN in connection with the services which provides, among other things, for payment of costs and fees in defending any litigation arising with respect to the services which is the subject matter of this litigation.

22.     Cross-Complainant has retained the services of WOOD, SMITH, HENNING & BERMAN LLP to defend the action herein, thereby incurring costs, consultants' fees, attorneys' fees and other litigation fees in the defense of this action and prosecution of this Cross-Complaint. Cross-Complainant will seek leave of this Court to amend this Cross-Complaint to show the amount of said costs and attorneys' fees when the same become known to Cross-Complainant.

## THIRD CAUSE OF ACTION

### (Breach of Written Contract)

### (As to Cross-Defendants NETGAIN)

23.     Cross-Complainant refers to and incorporates herein by reference each and every paragraph of all Causes of Action herein as though fully set forth.

24.     Cross-Complainant is informed and believes and thereon alleges that Cross-Defendant NETGAIN entered into written agreements with Cross-Complainant, the terms of which shall be according to proof at time of trial.

25.     Cross-Defendant NETGAIN, was required to indemnify Cross-Complainant with respect to the claims made and costs incurred on behalf of Cross-Complainant, in defending against the allegations set forth by Plaintiffs, as are more particularly described in their respective Cross-Complaint.

26.     Cross-Complainant is informed and believes and thereon alleges that Cross-Defendant NETGAIN, entered into written agreements with Cross-Complainant and was to

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

1   comply, with each and every term and condition.

2      27.   Cross-Complainant is informed and believes and thereon alleges that the causes of

3   action against Cross-Complainant claimed by Plaintiffs solely arise out of the Netgain Incident,

4   which was a result of Cross-defendant NETGAIN's failure to take all reasonable steps to ensure

5   that the non-public confidential information of Plaintiffs was not subject to unauthorized access

6   and/or disclosure, pursuant to the agreement with Cross-Complainant; and Cross-Complainant

7   herein is further informed and believes, and thereon alleges, that said damages were caused by

8   Cross-Defendant NETGAIN who entered into a contract with Cross-Complainant to provide

9   computer related services to Cross-Complainant and to take all reasonable steps to ensure that

10  non-public/confidential information of Plaintiffs will not be disclosed in the performance of

11  services provided; and are responsible for all acts and omissions of their agents and employees.

12     28.   Cross-Complainant has performed all conditions, covenants and promises required

13  by it in accordance with the terms and conditions of the aforementioned agreements.

14     29.   Cross-Defendant NETGAIN has breached the aforementioned written contracts by

15  failing to comply with each and every term of the contract.

16     30.   As a result of Cross-Defendant NETGAIN breaching the aforementioned written

17  contracts, Cross-Complainant has been damaged in an amount according to proof at the time of

18  trial.

19     31.   Cross-Complainant is informed and believes and thereon alleges that the contracts

20  provide, that Cross-Defendant NETGAIN, among other things, was to comply with each and

21  every term and condition.

22     32.   Cross-Complainant has retained the services of WOOD, SMITH, HENNING &

23  BERMAN LLP to defend the action herein, thereby incurring costs, consultants' fees, attorneys'

24  fees and other litigation fees in the defense of this action and prosecution of this Cross-Complaint.

25  Cross-Complainant will seek leave of this court to amend this Cross-Complaint to show the

26  amount of said costs and attorneys' fees when the same become known to Cross-Complainant.

27  / / /

28  / / /

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

## FOURTH CAUSE OF ACTION

### (Contribution)

### (As to NETGAIN, including ROES 1-50)

33.    Cross-Complainant refers to and incorporates herein by reference each and every paragraph of all Causes of Action, as though fully set forth.

34.    If Cross-Complainant is held liable in this action, then under the doctrine of indemnity for comparative fault, Cross-Complainant is entitled to contribution and/or indemnification on the basis that the Cross-Defendants NETGAIN, including All ROES, and each of them, should be required to share liability with Cross-Complainant pro rata, on the basis of the relative fault of each party whose tortuous conduct caused or contributed to the damages, if any there be.  Further, Cross-Complainant is entitled to be reimbursed for attorneys' fees and expenses in defending said action, and that Cross-Complainant should have a pro rata carry-over judgment against the foregoing Cross-Defendants, and each of them.

## FIFTH CAUSE OF ACTION

### (Apportionment of Fault)

### (As to NETGAIN, including ROES 1-50)

35.    Cross-Complainant refers to and incorporates herein by reference each and every paragraph of all Causes of Action, as though fully set forth.

36.    Cross-Complainant alleges that Cross-Defendants, and each of them, were responsible, in whole or in part, for the injuries, if any, suffered by Plaintiffs.

37.    If Cross-Complainant is judged liable, then Cross-Defendants, and each of them, must be required to pay a share of Plaintiffs'  judgment which is in proportion to the comparative negligence of Cross-Defendants in causing the Plaintiffs' damages and must reimburse Cross Complainant for any payments Cross-Complainant made to the Plaintiffs in excess of Cross Complainants' proportional share of all Cross-Defendants' negligence.

/ / /

/ / /

/ / /

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

## SIXTH CAUSE OF ACTION

### (Declaratory Relief)

### (As to NETGAIN, including ROES 1-50)

38.     Cross-Complainant refers to and incorporates herein by reference each and every paragraph of all Causes of Action, as though fully set forth.

39.     An actual controversy has arisen and now exists between Cross-Complainant and Cross-Defendant NETGAIN concerning their respective rights and duties in that Cross-Complainant contends that it is entitled to an offset of alleged damages and that Cross-Defendants are obligated to indemnify Cross-Complainant against liability in an amount proportionate to the respective fault of Cross-Defendants in causing damages as alleged in the main Complaint and the Cross-Complaints. Cross-Complainant is informed and believes and thereon alleges that Cross-Defendants dispute these contentions and contend that they are under no obligation to indemnify Cross-Complainant, or any other party to this action.

40.     Cross-Complainant desires a judicial determination of its rights and duties and a declaration that it be indemnified for any portion of the recovery of any other party to this action against the Plaintiffs to the extent that Cross-Complainant is found to be at fault in causing the damages alleged in the Plaintiffs' Complaints in this action.

41.     Such a declaration is necessary and appropriate at this time in order that Cross-Complainant may ascertain its rights and duties.  In the absence of such a determination, Cross-Complainant will be forced to defend the main action herein, handicapped by the uncertainty as to their rights of indemnification from Cross-Defendants, and each of them.

**WHEREFORE**, Cross-Complainant, prays for judgment against Cross-Defendants, and each of them, as follows:

### FIRST CAUSE OF ACTION:

That Cross-Complainant be entitled to equitable/implied indemnity from all Cross-Defendants, and each of them;

### SECOND CAUSE OF ACTION:

That Cross-Complainant be entitled to implied contractual indemnity from Cross-

1  Defendant NETGAIN, and each of them;

2  ### THIRD CAUSE OF ACTION:

3  That Cross-Complainant be entitled to breach of written contract from Cross-Defendant

4  NETGAIN, and each of them;

5  ### FOURTH CAUSE OF ACTION:

6  That Cross-Complainant be entitled to contribution from all Cross-Defendants and each of

7  them;

8  ### FIFTH CAUSE OF ACTION:

9  That Cross-Complainant be entitled to apportionment of fault from all Cross-Defendants,

10  and each of them; and

11  ### SIXTH CAUSE OF ACTION:

12  For judgment against Cross-Defendants, and each of them, declaring that Cross-

13  Complainant is entitled to a judgment of several liability separate, distinct and apart from any joint

14  and/or several liability which may be rendered against any one of the Cross-Defendants, and each

15  of them.

16  ### AS TO ALL CAUSES OF ACTION:

17  1.  For costs of suit incurred herein, including, but not limited to, costs of investigation

18  incurred in the prosecution of this Cross-Complaint;

19  2.  For attorneys' fees incurred herein in the defense of the this Cross-Complaint and in

20  the prosecution of this Cross-Complaint; and

21  3.  For such other and further relief as the Court may deem just and proper.

22  DATED:  November 29, 2021

23

24  WOOD, SMITH, HENNING & BERMAN LLP

25

26  By: _____

27  NATHAN A. GUEST
   Attorneys for Cross-Defendant, LIFELONG MEDICAL

28  CARE, a California corporation

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

## <u>PROOF OF SERVICE</u>

**Cowan, et al. v. Lifelong Medical Care**
**Case No. 21CV000478**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 10960 Wilshire Boulevard, 18th Floor, Los Angeles, CA 90024-3804.

On November 29, 2021, I served the following document(s) described as **CROSS-COMPLAINT OF LIFELONG MEDICAL CARE** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address jduggans@wshbmail.com to the persons at the electronic notification address listed in the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was not successful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 29, 2021, at Los Angeles, California.

*Jamila Duggans*

Jamila L. Duggans

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

1

**SERVICE LIST**
**Cowan, et al. v. Lifelong Medical Care**
**Case No. 21CV000478**

2

3

4

Julian Hammond, Esq.
Polina Brandler, Esq.
Ari Cherniak, Esq.
Hammondlaw, P.C.
11780 W. Sample Road
Suite 103
Coral Springs, FL 33065
Tel: (310) 601-6766 / Fax: (310) 295-2385
E-mail: jhammond@hammondlawpc.com
          pbrandler@hammondlawpc.com
          acherniak@hammondlawpc.com

**Attorneys for Plaintiffs HERMAN COWAN;**
**MARY SCOTT; and the Putative Class**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

22916396.1:11019-0061

-12-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

## PROOF OF SERVICE

**Cowan, et al. v. Lifelong Medical Care**
**Case No. 21CV000478**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action.  My business address is 10960 Wilshire Boulevard, 18th Floor, Los Angeles, CA 90024-3804.

On December 29, 2021, I served the following document(s) described as **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.A. § 1332(d)** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address jduggans@wshbmail.com to the persons at the electronic notification address listed in the service list.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was not successful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 29, 2021, at Los Angeles, California.

*Jamila Duggans*

Jamila L. Duggans

**SERVICE LIST**
**Cowan, et al. v. Lifelong Medical Care**
**Case No. 21CV000478**

Julian Hammond, Esq.
Polina Brandler, Esq.
Ari Cherniak, Esq.
Hammondlaw, P.C.
11780 W. Sample Road
Suite 103
Coral Springs, FL 33065
Tel: (310) 601-6766 / Fax: (310) 295-2385
E-mail: jhammond@hammondlawpc.com
          pbrandler@hammondlawpc.com
          acherniak@hammondlawpc.com
**Attorneys for Plaintiffs HERMAN COWAN;**
**MARY SCOTT; and the Putative Class**

**NETGAIN TECHNOLOGY, INC**
**ATTN: SCOTT WARZECHA**
**(Registered Agent)**

26 6th Avenue N. #360
St. Cloud, MN 56303

720 W St. Germain Street
St. Cloud, MN 56301

**NETGAIN TECHNOLOGY, LLC**
**ATTN: SCOTT WARZECHA**
**(Registered Agent)**

26 6th Avenue N. #360
St. Cloud, MN 56303

720 W St. Germain Street
St. Cloud, MN 56301

**NETGAIN TECHNOLOGY, INC.**
**ATTN: TODD DEWENTER**
**(Registered Agent)**

912 W. St. Germain Street
Floor B
St. Cloud, MN 56303

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650