UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMAN COWAN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>LIFELONG MEDICAL CARE,<br><br>    Defendant. | Case No. 21-cv-10062-VC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND AND DENYING MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 9 |

    LifeLong Medical Care, a Berkeley-based healthcare provider, experienced a data breach that exposed confidential patient information. Herman Cowan and Mary Scott brought state law claims against Lifelong in California state court, alleging that the healthcare provider failed to take the proper precautions to prevent data breaches. Cowan and Scott seek to represent a class of California residents whose confidential information was exposed during the breach. Lifelong filed a cross-complaint against Netgain Technology, a Minnesota-based data vendor with which Lifelong signed a contract for computer services. The cross-complaint alleges that Netgain is ultimately responsible for any damages arising out of the breach. Lifelong then filed a notice of removal, explaining that because Netgain is a Delaware corporation based in Minnesota, the action meets the minimal diversity requirement under the Class Action Fairness Act.

    CAFA provides the federal courts with original jurisdiction over class actions involving at least 100 class members, where the amount in controversy exceeds $5 million, and in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *see also Standard Fire Insurance Co. v. Knowles*, 568 U.S. 588, 592 (2013). The general removal statute provides that "any civil action brought in a State court of

which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." 28 U.S.C. § 1441(a). The question here is whether minimal diversity may be based solely on the presence of a diverse third-party defendant, brought into the suit via a cross-complaint.

      The Supreme Court's decision in *Home Depot U.S.A., Inc. v. Jackson* all but answers the question. 139 S.Ct. 1743 (2019). There, the Court held that a third-party defendant brought into the case by way of counterclaim filed by the original defendant could not remove an action under CAFA, explaining that this third-party defendant did not count as a "defendant" under either the general removal statute or CAFA's removal provision. *Id.* at 1750. The Court emphasized that it "has long held that a district court, when determining whether it has original jurisdiction over a civil action, should evaluate whether that action could have been brought originally in federal court." *Id.* at 1748. Against that backdrop, *Home Depot* concluded that "[s]ection 1441(a) thus does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action." *Id.* Although *Home Depot* addressed removal by third-party defendants, the logic applies even more strongly to removal by original defendants. Cowan and Scott could not have brought this case originally in federal court, and Lifelong's decision to file a cross-claim against a diverse third party cannot create jurisdiction.

      It would be odd if the answer were otherwise. Federal jurisdiction over diversity cases exists "to provide a neutral forum" in which to settle disputes. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005). But the *original* defendant has no greater or lesser interest in a neutral forum whether a third-party defendant is brought into an action or not. If a diverse third-party defendant—the only defendant with an interest in a neutral forum—cannot remove after *Home Depot*, it would be strange to allow the original defendant to remove anyway.

      Lifelong argues that the Cowan and Scott deliberately engineered their complaint to avoid CAFA jurisdiction by neglecting to sue Netgain in the original complaint. Lifelong points to language in the federal diversity statute providing that a court may consider "whether the class

action has been pleaded in a manner that seeks to avoid Federal jurisdiction." 28 U.S.C. § 1332(d)(3)(C). But this language stems from the so-called "discretionary home state exception." *Adams v. West Marine Products, Inc.*, 958 F.3d 1216, 1220–21 (9th Cir. 2020). The exception provides district courts discretion to remand cases that otherwise meet CAFA's criteria in the "interests of justice." 28 U.S.C. § 1332(d)(3). It is not, as Lifelong seems to assume, a tool permitting district courts to exercise jurisdiction where there would otherwise be none. Lifelong does not in any event adequately allege that Cowan and Scott engineered their complaint to avoid federal jurisdiction. The complaint focuses on misconduct by Lifelong. And although it references Netgain at several points, Cowan and Scott were not required to sue Netgain simply because they could.

Cowan and Scott move for attorney's fees. Section 1447 provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). But "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Lifelong's arguments may be strained, but they do count as "objectively unreasonable." The motion for fees is therefore denied.

The Clerk of the Court shall remand the matter to the Alameda County Superior Court.

**IT IS SO ORDERED.**

Dated: April 6, 2022

VINCE CHHABRIA
United States District Judge